IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MABEL ARREDONDO, § § Plaintiff, § § v. § § DERMA-DASH, LLC, a Texas Limited § Liability Corporation, FRED M. BATTAH, § MICHAEL Q. BATTAH, and SHALIMAR § MAAKAR, § § Defendants § § § | Case No. EP22-CV-0169 |

## DEFENDANTS' ANSWER TO ORIGINAL COMPLAINT

Defendants DERMA-DASH, LLC, a Texas Limited Liability Corporation, FRED M. BATTAH, MICHAEL Q. BATTAH, and SHALIMAR MAAKAR (collectively hereafter, "Defendants" unless specifically otherwise identified) files this answer to Plaintiff MABEL ARREDONDO's Original Complaint. The numbered paragraphs below correspond to the like numbered allegations in the Original Complaint.

## PARTIES

1. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 1 of Plaintiff's Original Complaint, and therefore deny the same.

2. Defendants deny the averments of Paragraph 2 of the Complaint.

3. Defendants admit that Fred M. Battah is a natural person residing in Texas, but deny all remaining averments of Paragraph 3 of the Complaint.

4. Defendants admit that Michael Q. Battah is a natural person residing in Texas, but deny all remaining averments of Paragraph 4 of the Complaint.

5. Defendants admit that Shalimar Maakar is a natural person residing in Texas, but deny all remaining averments of Paragraph 5 of the Complaint.

## JURISDICATION AND VENUE

6. No paragraph 6 in the Complaint.

7. Defendants admit that this Court has subject matter jurisdiction over TCPA claims, but deny the remaining averments of Paragraph 7 of the Complaint.

8. Defendants admit that this Court has general personal jurisdiction over Defendants, but deny the remaining averments of Paragraph 8 of the Complaint.

9. Defendants admit that actions within this District, if actionable, would render venue proper, however, Defendants assert that, under principles of Forum Non Conveniens, this action, if continued, should be transferred to the San Antonio Division of the Western District of Texas. Defendants deny that any actionable events for which any liability on Defendants' part would arguably lie, took place in this District, or otherwise, and, therefore, Deny all remaining averments of Paragraph of Paragraph 9 of the Complaint.

10. Defendants deny the averments of Paragraph 10 of the Complaint.

## THE TELEPHONE CONSUMER PROTECTION ACT

11. There are no legal averments in Paragraph 11 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

12. There are no legal averments in Paragraph 12 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such

averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

13. There are no legal averments in Paragraph 13 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

14. There are no legal averments in Paragraph 14 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

15. There are no legal averments in Paragraph 15 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

16. There are no legal averments in Paragraph 16 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

17. There are no legal averments in Paragraph 17 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

18. There are no legal averments in Paragraph 18 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

19. There are no legal averments in Paragraph 19 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

20. There are no legal averments in Paragraph 20 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

21. There are no legal averments in Paragraph 21 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

22. There are no legal averments in Paragraph 22 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

23. There are no legal averments in Paragraph 23 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

## THE TEXAS BUSINESS AND COMMERCE CODE §302.01

24. There are no legal averments in Paragraph 24 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

25. There are no legal averments in Paragraph 25 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such

averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

26. There are no legal averments in Paragraph 26 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

## FACTUAL ALLEGATIONS

27. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 27 of Plaintiff's Original Complaint, and therefore deny the same.

28. Defendants, jointly and severally, deny the averments of Paragraph 28 of the Complaint.

29. Defendants, jointly and severally, deny the averments of Paragraph 29 of the Complaint.

30. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 30 of Plaintiff's Original Complaint, and therefore deny the same.

31. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 31 of Plaintiff's Original Complaint, and therefore deny the same.

32. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 32 of Plaintiff's Original Complaint, and therefore deny the same.

33. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 33 of Plaintiff's Original Complaint, and therefore deny the same.

34. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 34 of Plaintiff's Original Complaint, and therefore deny the same.

35. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 35 of Plaintiff's Original Complaint, and therefore deny the same.

36. Defendants, jointly and severally, deny the averments of Paragraph 36 of the Complaint.

37. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 37 of Plaintiff's Original Complaint, and therefore deny the same.

38. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 38 of Plaintiff's Original Complaint, and therefore deny the same.

39. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 39 of Plaintiff's Original Complaint, and therefore deny the same.

40. Defendants, jointly and severally, deny the averments of Paragraph 40 of the Complaint.

41. Defendants, jointly and severally, deny the averments of Paragraph 41 of the Complaint.

42. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 42 of Plaintiff's Original Complaint, and therefore deny the same.

43. Defendants, jointly and severally, deny the averments of Paragraph 43 of the Complaint.

44. Defendants, jointly and severally, deny the averments of Paragraph 44 of the Complaint.

45. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 45 of Plaintiff's Original Complaint, and therefore deny the same.

46. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 46 of Plaintiff's Original Complaint, and therefore deny the same.

47. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 47 of Plaintiff's Original Complaint, and therefore deny the same.

48. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 48 of Plaintiff's Original Complaint, and therefore deny the same.

49. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 49 of Plaintiff's Original Complaint, and therefore deny the same.

50. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 50 of Plaintiff's Original Complaint, and therefore deny the same.

51. There are no legal averments in Paragraph 51 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

52. Defendants, jointly and severally, deny the averments of Paragraph 52 of the Complaint.

53. There are no legal averments in Paragraph 53 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

54. Defendants, jointly and severally, deny the averments of Paragraph 54 of the Complaint.

55. Defendants, jointly and severally, deny the averments of Paragraph 55 of the Complaint.

56. There are no legal averments in Paragraph 56 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

57. There are no legal averments in Paragraph 57 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

58. There are no legal averments in Paragraph 58 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

59. There are no legal averments in Paragraph 59 of the Complaint and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

60. Defendants, jointly and severally, deny the averments of Paragraph 60 of the Complaint.

61. Defendants, jointly and severally, deny the averments of Paragraph 61 of the Complaint.

62. Defendants, jointly and severally, deny the averments of Paragraph 62 of the Complaint.

63. Defendants, jointly and severally, deny the averments of Paragraph 63 of the Complaint.

64. Defendants, jointly and severally, deny the averments of Paragraph 64 of the Complaint.

65. Defendants, jointly and severally, deny the averments of Paragraph 65 of the Complaint.

66. Defendants, jointly and severally, deny the averments of Paragraph 66 of the Complaint.

67. Defendants, jointly and severally, deny the averments of Paragraph 67 of the Complaint.

68. Defendants, jointly and severally, deny the averments of Paragraph 68 of the Complaint.

69. Defendants, jointly and severally, deny the averments of Paragraph 69 of the Complaint.

70. Defendants, jointly and severally, deny the averments of Paragraph 70 of the Complaint.

71. Defendants, jointly and severally, deny the averments of Paragraph 71 of the Complaint.

72. Defendants, jointly and severally, deny the averments of Paragraph 72 of the Complaint.

73. Defendants, jointly and severally, deny the averments of Paragraph 73 of the Complaint.

74. Defendants, jointly and severally, are without sufficient information to admit or deny the averments of Paragraph 74 of Plaintiff's Original Complaint, and therefore deny the same.

75. Defendants, jointly and severally, deny the averments of Paragraph 75 of the Complaint.

76. Defendants, jointly and severally, deny the averments of Paragraph 76 of the Complaint.

77. Defendants, jointly and severally, deny the averments of Paragraph 77 of the Complaint.

78. Defendants, jointly and severally, deny the averments of Paragraph 78 of the Complaint.

### FIRST CLAIM FOR RELIEF

1. With reference to Paragraph 1 of the Complaint's "First Claim for Relief" section, Defendants, jointly and severally, incorporate by reference their respective responses to Plaintiff's averments and legal arguments as set forth above.

2. With reference to Paragraph 2 of the Complaint's "First Claim for Relief" section (including sub-sections a. - c.), there are no legal averments therein and, therefore, nothing to admit or deny. Nevertheless, to the extent that there are any such averments, and not merely legal arguments, Defendants, jointly and severally deny the same.

3. With reference to Paragraph 3 of the Complaint's "First Claim for Relief" section Defendants, jointly and severally, deny all the averments and allegations of entitlements to relief therein.

4. With reference to Paragraph 4 of the Complaint's "First Claim for Relief" section, Defendants, there are only legal arguments or recitations, with no averment or claim to admit or deny. Nevertheless, Defendants, jointly and severally, deny any and all averments and allegations of entitlements to relief that may be recited or implied therein.

5. With reference to Paragraph 5 of the Complaint's "First Claim for Relief" section, Defendants, jointly and severally, deny any and all averments and allegations of entitlements to relief.

## SECOND CLAIM FOR RELIEF

1. With reference to Paragraph 1 of the Complaint's "Second Claim for Relief" section, Defendants, jointly and severally, incorporate by reference their respective responses to Plaintiff's averments and legal arguments as set forth above.

2. With reference to Paragraph 2 of the Complaint's "Second Claim for Relief" section, Defendants, jointly and severally, deny any and all averments and allegations of entitlements to relief.

3. With reference to Paragraph 3 of the Complaint's "Second Claim for Relief" section, Defendants, jointly and severally, deny any and all averments and allegations of entitlements to relief.

4. With reference to Paragraph 4 of the Complaint's "Second Claim for Relief" section, Defendants, jointly and severally, deny any and all averments and allegations of entitlements to relief.

## THIRD CLAIM FOR RELIEF

1. With reference to Paragraph 1 of the Complaint's "Third Claim for Relief" section, Defendants, jointly and severally, incorporate by reference their respective responses to Plaintiff's averments and legal arguments as set forth above.

2. With reference to Paragraph 2 of the Complaint's "Third Claim for Relief" section, Defendants, jointly and severally, deny any and all averments and allegations of entitlements to relief.

3. With reference to Paragraph 3 of the Complaint's "Third Claim for Relief" section, Defendants, jointly and severally, deny any and all averments and allegations of entitlements to relief.

4. With reference to Paragraph 4 of the Complaint's "Third Claim for Relief" section, Defendants, jointly and severally, deny any and all averments and allegations of entitlements to relief.

### FOURTH CLAIM FOR RELIEF

1. With reference to Paragraph 1 of the Complaint's "Fourth Claim for Relief" section, Defendants, jointly and severally, incorporate by reference their respective responses to Plaintiff's averments and legal arguments as set forth above.

2. With reference to Paragraph 2 of the Complaint's "Fourth Claim for Relief" section, Defendants, jointly and severally, deny any and all averments and allegations of entitlements to relief.

3. With reference to Paragraph 3 of the Complaint's "Fourth Claim for Relief" section, Defendants, jointly and severally, deny any and all averments and allegations of entitlements to relief.

4. With reference to Paragraph 4 of the Complaint's "Fourth Claim for Relief" section, Defendants, jointly and severally, deny any and all averments and allegations of entitlements to relief.

### Affirmative Defenses

#### I.      Failure to State a Claim

1. Plaintiff fails to state a claim upon which relief may be granted.

## II.   Consent

2. Plaintiff's claims are barred because the same have, on information and belief, acquiesced and impliedly consented to any conduct of Defendants, if any, alleged to underlie any cause of action lodged in this Action and has therefore waived and/or abandoned any such claims.

## III.   Laches

3. Plaintiff's claims are barred by the equitable doctrine of laches.

## IV.   Unclean Hands

4. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## V.   Estoppel

5. Plaintiff's claims are barred by the equitable doctrine of estoppel.

## VI.   No Injunctive Relief

6. Plaintiff is not entitled to any injunctive relief, in part, because there is no irreparable injury and no inadequate remedies at law, if any.

## VII.   Additional Affirmative Defenses

7. Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, Defendants asserts the following additional or affirmative defenses. Defendants reserves all rights to assert additional or amended defenses:

8. The Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

9. The TCPA, as applied to any action alleged to have been undertaken by Defendants violates the First Amendment to the Constitution of the United States.

10. Plaintiff's claims are barred, in whole or in part, because, on information and belief, she consented to receive communications, if any from Defendants.

11. Plaintiff's claims are barred, in whole or in part, because they were not charged for informational communications, if any, received from Defendants.

12. Plaintiff's claims are barred, in whole or in part, by the Primary Jurisdiction Doctrine.

13. Plaintiff's claims are barred, in whole or in part, for lack of any actual injury or standing to assert a claim.

14. Plaintiff's claims are barred, in whole or in part, because any award would constitute unjust enrichment.

15. Plaintiff's claims are barred, in whole or in part, because any alleged damages were not caused by Defendants but instead by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Defendants are not responsible.

16. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate their damages, if any.

17. Plaintiff's claims are barred, in whole or in part, because Defendants did not willfully or knowingly violate the Telephone Consumer Protection Act of 1991 or any of its regulations.

18. Plaintiff's claims are barred, in whole or in part, because Defendants substantially complied with the Telephone Consumer Protection Act of 1991 and its regulations.

19. To the extent that Plaintiff may seek recovery of attorneys' fees, such fees are not recoverable under the Telephone Consumer Protection Act of 1991.

## **Prayer for Relief**

WHEREFORE, Defendants jointly and severally pray that this Court:

A. Dismiss Plaintiff's claims for one or more of the following reasons:

   i. Failure to state any claims upon which relief can be granted.

   ii. Inappropriate action based on the Primary Jurisdiction Doctrine;

   iii. Prohibition of requested relief, based on the First Amendment of the Constitution of the United States;

   iv. Waiver and/or abandonment of otherwise actionable claims by Plaintiff, if any, due to consent.

   v. Laches

   vi. Unclean Hands

   vii. Estoppel

   viii. Such other basis or bases as set forth in Defendants' above-enumerated affirmative defenses.

B. Deny Plaintiff's request for permanent injunctive relief;

C. Deny Plaintiff's requests for compensatory damages;

D. Deny Plaintiff's requests for enhanced, trebled and/or punitive-like damages or awards;

E. Deny Plaintiff's requests for court costs and attorneys' fees;

F. Deny Plaintiff relief or recompense for any and all other or additional claims or causes

of action brought by Plaintiff.

G. Grant Defendants such relief to which it justly demonstrates its entitlement.

H. That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

I. That Plaintiff take nothing by the Complaint;

Dated:  June 20, 2022                    Respectfully submitted,

By:   */s/      David G. Henry, Sr.*
David G. Henry, Sr. – Lead Counsel
State Bar No. 09479355
DHenry@GrayReed.com

**GRAY REED & MCGRAW LLP**
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
T: (713) 986-7000
F: (713) 986-7100

**ATTORNEYS FOR DEFENDANT DEFENDANTS**
DERMA-DASH, LLC, a Texas Limited Liability Corporation, FRED M. BATTAH, MICHAEL Q. BATTAH, and SHALIMAR MAAKAR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on the pro se Plaintiff via the Court's ECF system on June 20, 2022.

*/s/      David G. Henry, Sr.*
David G. Henry, Sr.